Alan J. Pfeuffer
Assistant Federal Public Defender
Alan_Pfeuffer@fd.org
10 West Broad Street, Suite # 1020
Columbus, Ohio 43215
Phone: (614) 469-2999
Fax: (614) 469-5999
Attorney for Petitioner

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ANSANULLAH PIRZAI,** | ) | |
| | ) | |
| *Petitioner*, | ) | **AMENDED PETITION FOR WRIT** |
| | ) | **OF HABEAS CORPUS AND** |
| | ) | **OTHER RELIEF** |
| **v.** | ) | |
| | ) | |
| | ) | **Case No. 1:05-CV-01242-RCL** |
| **GEORGE W. BUSH,** | ) | |
| **President of the United States,** | ) | |
| **DONALD RUMSFELD,** | ) | |
| **Secretary, United States** | ) | |
| **Department of Defense,** | ) | |
| **ARMY BRIG. GEN. JAY HOOD,** | ) | |
| **Commander, Joint Task** | ) | |
| **Force - GTMO,** *and* | ) | |
| **ARMY COL. MICHAEL BUMGARNER,** | ) | |
| **Commander, Joint Detention** | ) | |
| **Operations Group, JTF - GTMO,** | ) | |
| | ) | |
| *Respondents*. | ) | |

Petitioner sues Respondents and alleges:

### PRELIMINARY STATEMENT

1.     Petitioner Ahsanullah Pirzai, a citizen of Afghanistan, seeks habeas corpus relief because he

is wrongly classified as an "enemy combatant" by the President of the United States and is

being held under unlawful conditions of military custody at the United States Naval Station

in Guantánamo Bay, Cuba ("Guantánamo").  Petitioner Pirzai's detention is without lawful

basis.  With the exception of the instant proceeding, Petitioner has no access to any fair

process whereby he may pursue litigation of his claims against Respondents.   Petitioner is

being held under color and authority of the Executive in violation of the Constitution,

statutes, and treaties of the United States in violation of the fundamental due process

principles of the common law, and in violation of customary international law.  Accordingly,

this Court should issue a Writ of Habeas Corpus compelling Respondents either to release

Petitioner or to establish in this Court a lawful basis for his detention.  This Court should also

order such injunctive and declaratory relief as is necessary to protect the Petitioner's access

to this Court, his access to and opportunity to consult with counsel, and his physical and

mental health to the extent necessary to enable him to participate in and pursue the litigation

of this case.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to the common law right to petition for habeas corpus

relief.

3.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 2241(a), (c)(1), and (c)(3), and 2242,

because Petitioner seeks a writ of habeas corpus and he is detained under or by color of the

authority of the United States, or is in custody in violation of the Constitution, laws, or

treaties of the United States.

4.     In the alternative, this Court has jurisdiction pursuant to 28 U.S.C. § 2241(c)(4) because

Petitioner, being a citizen of a foreign state and domiciled therein, is in custody for an act

done or omitted under any alleged right, title, authority, privilege, protection, or exemption

claimed under the commission, order, or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations.

5.     This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 because the action arises out of the Constitution, laws, and treaties of the United States and Petitioner is seeking corrective action by officers and employees of an agency of the United States.

6.     This Court also has jurisdiction pursuant to 28 U.S.C. § 1343(a)(4) because Petitioner is seeking to redress deprivation of rights guaranteed by the Constitution, laws, and treaties of the United States.

7.     This Court also has jurisdiction pursuant to 28 U.S.C. §§ 1350, 1651, 2201, and 2202, which empower this Court to declare the rights and other legal relations of the parties, to issue all writs necessary or appropriate in aid of its jurisdiction, and to effectuate and enforce declaratory and injunctive relief by all necessary and proper means, because this case involves an actual controversy within the Court's jurisdiction.

8.     This Court also has jurisdiction pursuant to 5 U.S.C. § 702 because Petitioner is suffering legal wrong because of agency action, or has been adversely affected or aggrieved by agency action within the meaning of the relevant statutes, and is entitled to judicial review thereof.

9.     Jurisdiction and venue reside in this judicial district because the United States exercises exclusive territorial jurisdiction and control over the United States Naval base at Guantánamo, Cuba, where Petitioner is detained.

10.    Jurisdiction and venue reside in this judicial district because the Executive Order of November 13, 2001, Detention, Treatment, and Trial of Certain Non-Citizens in the War Against Terrorism, 66 Fed. Reg. 57,833 (November 13, 2001) ("Executive Order"), was promulgated in the United States and in this judicial district, Respondents made the decision

to incarcerate Petitioner in the United States and in this judicial district, Respondents made the decision to detain Petitioner at Guantánamo in the United States and in this judicial district, and Respondents made the decision to continue detaining Petitioner in the United States and in this judicial district.

## THE PARTIES

11.    Petitioner Pirzai is a citizen of Afghanistan and is presently incarcerated and held in Respondents' unlawful custody and control at Guantánamo.

12.    Respondent George W. Bush is the President of the United States and Commander-in-Chief of the United States Military and has detained Petitioner pursuant to his authority as Commander-in-Chief, under the laws and usages of war or, alternatively, pursuant to the Executive Order.   He is responsible for Petitioner Pirzai's detention and is sued in his official capacity.

13.    Respondent Donald Rumsfeld is the Secretary of the United States Department of Defense. Pursuant to the President's authority as Commander-in-Chief, his authority under the laws and usages of war or, alternatively, pursuant to the Executive Order, Respondent Secretary Rumsfeld exercises custody and control of Petitioner Pirzai.   He is sued in his official capacity.

14.    Respondent Brigadier General Jay Hood is the Commander of Joint Task Force-GTMO, the task force running the detention operation at Guantánamo Bay.   He has supervisory responsibility for Petitioner Pirzai and is sued in his official capacity.

15.    Respondent Army Colonel Michael Bumgarner is the Commander of the Joint Detention Operations Group and the JTF-GTMO detention camps, including the United States facility

where Petitioner Pirzai is presently held.  He is the immediate custodian responsible for Petitioner Pirzai's detention and is sued in his official capacity.

16.    Respondents are directly responsible for any activities undertaken by or under the supervision of any agents or employees acting on their behalf, or of agents or employees of private contractors ("contractor employees") with whom any agency under Respondents' authority or supervision has contracted for the provision of services at Guantánamo.  All references to Respondents' actions in this Amended Petition include activities performed by Respondents' agents or employees, other government agents or employees or contractor employees.

17.    Respondents are liable for the conduct described herein because they set the conditions, directly and/or indirectly facilitated, ordered, acquiesced, confirmed, ratified, and/or conspired to commit the violations of the Petitioner's rights.

## STATEMENT OF THE FACTS

18.    Counsel for Petitioner have not yet had an opportunity to meet and confer with Petitioner, conduct a factual investigation, or review classified or unclassified information relating to the cause for and conditions of Petitioner's detention.  Counsel have, however, reviewed a large body of non-classified information relating to other Guantánamo detainees and Respondents' public statements about them. Enlargement and addition to the factual allegations will likely be necessary as litigation progresses.

19.    Respondents have not charged Petitioner Pirzai with any criminal offense or instituted any military proceedings against him.

20. Upon information and belief, Petitioner Pirzai is not, and has never been, an enemy alien, lawful or unlawful belligerent, or combatant of any kind under any definition adopted by the United States government in any civil or military proceeding.

21. Upon information and belief, Petitioner Pirzai is not, and has never been, an "enemy combatant" who was "part of or supporting forces hostile to the United States or coalition partners in Afghanistan and who were engaged in an armed conflict against the United States there."

22. If Respondents have determined that Petitioner Pirzai is an "enemy combatant" as defined by the United States Supreme Court, or an "enemy combatant" as defined and used by the Executive in the Combatant Status Review Tribunals, Petitioner Pirzai seeks to enforce his right to a judicial determination, by an appropriate and lawfully constituted judicial authority, as to whether there is a lawful and factual basis for said determination.

23. Upon information and belief, Petitioner Pirzai was not a member of the Taliban Government's armed forces or Al Qaeda. He has not committed any violent act against any American person or property. He had no involvement, direct or indirect, in the terrorist attacks on the United States on September 11, 2001, the ensuing international armed conflict, or any act of international terrorism attributed by the United States to Al Qaeda.

24. Petitioner Pirzai has not been afforded any procedures that would satisfy his rights under the most fundamental common law notions of due process, the United States Constitution, the laws and treaties of the United States, or customary international law.

### The Joint Resolution

25. After the September 11, 2001, attacks, the United States, at the direction of President Bush, began a massive military campaign against Afghanistan.

Page 6.        Amended Petition for Writ of Habeas Corpus and Other Relief

26.     On September 18, 2001, a Joint Resolution of Congress authorized President Bush to use force against the "nations, organizations, or persons" that "planned, authorized, committed, or aided the terrorist attacks on September 11, 2001, or [that] harbored such organizations or persons." Joint Resolution 23, Authorization for Use of Military Force, Public Law 107-40, 115 Stat. 224 (Jan. 18, 2001) ("Joint Resolution").

### The Executive Order

27.     On November 13, 2001, Respondent President Bush issued an Executive Order authorizing Respondent Secretary Rumsfeld to detain indefinitely anyone Respondent President Bush has "reason to believe":

i.      is or was a member of the organization known as al Qaeda;

ii.     has engaged in, aided or abetted, or conspired to commit, acts of international terrorism, or acts in preparation therefor, that have caused, threaten to cause, or have as their aim to cause, injury to or adverse effects on the United States, its citizens, national security, foreign policy, or economy; or

iii.    has knowingly harbored one or more individuals described in subparagraphs (i) and (ii).

Executive Order, 66 Fed. Reg. 57,833, §2 (November 13, 2001).

28.     The Executive Order was neither authorized nor directed by Congress, and is beyond the scope of the Joint Resolution of September 18, 2001. The Executive Order purports to vest President Bush with the sole discretion to identify individuals who fall within its purview and establishes no standards governing the exercise of his discretion.

29.     Once a person has been detained, the Executive Order contains no provision for that person to be notified of the charges he may face. The Executive Order contains no provision for a detainee to be notified of his rights under domestic and international law, and provides

neither the right to counsel, nor rights to notice of consular protection or to consular access at the detainee's request.

30.  The Executive Order provides no right to appear before a neutral tribunal to review the basis for or the legality of a detainee's continued detention and contains no provision for recourse to an Article III court.   Indeed, the Executive Order purports to bar review by any court.

31.  The Executive Order purports to authorize indefinite and unreviewable detention, based on nothing more than President Bush's written determination that an individual is subject to its terms.

32.  Upon information and belief,  President Bush has never certified or determined in any manner, in writing or otherwise, that Petitioner is subject to the Executive Order.

33.  Petitioner Pirzai has not been, and is not being, detained lawfully either pursuant to the Executive Order, President Bush's authority as Commander-in-Chief, and/or the laws and usages of war.  Petitioner Pirzai has been denied the process due to him under the common law and the Due Process Clause of the Fifth Amendment to the Constitution of the United States, domestic, civil and military law, treaties of the United States, and customary international law.

### Guantánamo Bay Naval Station

34.  On or about January 11, 2002, the United States military began transporting prisoners captured in Afghanistan to the United States Naval Base in Guantánamo Bay, Cuba.

35.  On a date unknown to counsel, but known to Respondents, the United States military seized and took custody of the Petitioner and thereafter transferred him to Guantánamo, where he has been held ever since, in the sole custody and control of Respondents.

36.    Prisoners incarcerated at Guantánamo are entitled to test the legality of their detention in the

federal courts.

37.    Petitioner commenced this action by executing a petition for writ of habeas corpus on May

3, 2005, that was subsequently delivered to and filed with the district court on June 22, 2005.

In his petition (CR 01), Petitioner alleged:

> In the name of ALLAH the compassionate, the merciful . . . I
> AHSANULLAH PIRZAI number xxx would like to forward my non-guilty
> plea to American court. I am an innocent man. Why the American tribunal
> considered me an enemy combatant? I am a friend of the Americans and I am
> ZAHER SHAH's man. [TN: the ex-king of Afghanistan] Up to now, I have
> never done anything against the Americans, and did not harm the Americans
> in any way and I would not do so. I am an oppressed and poor individual and
> I ask for my release. Another thing that I would like to say is, anyone's
> misfortune does not make me happy. 05/03/2005.

### The Conditions of Detention at Guantánamo

38.    Since seizing and taking custody of Petitioner Pirzai, the United States military has held him

virtually *incommunicado.*

39.    Upon information and belief, Petitioner Pirzai has been and/or will continue to be

interrogated by agents of various United States entities, including the United States

Departments of Defense and Justice, and the Central Intelligence Agency, though he has not

been charged with any criminal offense under domestic or international law, and has not been

notified of any pending or contemplated charges.

40.    Petitioner Pirzai has not appeared before a competent military or civilian tribunal, and has

not yet been provided access to counsel.

41.    Upon information and belief, Petitioner Pirzai has not been adequately informed of his rights

under the United States Constitution, the regulations of the United States Military, the

Convention Against Torture, the Geneva Conventions, the International Covenant on Civil

and Political Rights, the American Convention on Human Rights, the 1954 Convention Relating to the Status of Refugees, or customary international law.

42. Upon information and belief, Petitioner Pirzai has been forced to provide involuntary statements to Respondents' agents at Guantánamo.

43. Upon information and belief, Petitioner Pirzai has been held under conditions that violate his constitutional and international rights to liberty and dignity and freedom from torture and from cruel, inhuman, and degrading treatment or punishment.

44. Upon information and belief, Petitioner Pirzai has been tortured and subjected to cruel, inhuman, and degrading treatment and punishment approved for use as "interrogation techniques" at Guantánamo.

45. Upon information and belief, said "interrogation techniques" include prolonged isolation, prolonged interrogations, extreme and prolonged stress positions, interrogation while shackled and chained in painful positions, sleep deprivation, sensory assaults and deprivations, loud music, forced nudity and sexual humiliation, hooding, beatings, temperature extremes, and the use of dogs to create anxiety and terror.

46. Upon information and belief, Respondents have falsely represented to detainees that government agents were their own lawyers for the express purpose of extracting information from the detainees.

47. Upon information and belief, Petitioner Pirzai has been held in and surrounded by conditions of isolation; constant vulnerability to repeated interrogation and severe beatings; the threat or reality of being kept in cages with no privacy; shackled with heavy chains and irons; placed in solitary confinement or the threat of solitary confinement for minor rule infractions for prolonged periods of time; exposed to extremes of temperature; subjected to violent

Page 10.    Amended Petition for Writ of Habeas Corpus and Other Relief

behavior or the threat of violence; threatened with extraordinary rendition to countries that practice torture; sexually humiliated; denied access to counsel and family; deprived of adequate medical care; and subjected to repeated psychological abuse.

### Extraordinary Rendition

48.    Upon information and belief, during interrogations, Respondents have threatened Guantánamo detainees with rendition or transfer to countries that permit prolonged and arbitrary detention without charge or trial and/or that would likely subject them to torture.

49.    The Respondents have secretly transferred detainees to such countries without complying with the applicable legal requirements for extradition.  Respondents use this practice to facilitate interrogation by subjecting detainees to torture and other tactics – including threats to families – that are illegal in the United States and under customary international law.

50.    Moreover, upon information and belief, the United States has conditioned the transfer of detainees to their countries of origin on the requirement that the receiving country imprison the detainee without regard to the detainee's individual factual or legal situation.

51.    Upon information and belief, Petitioner Pirzai is at risk of being rendered, returned or transferred without lawful process to a country that permits prolonged and arbitrary detention without charge or trial and/or that would likely subject him to torture.

### FIRST CLAIM FOR RELIEF

**Respondents' Unlawful Deprivation of Petitioner Pirzai's Liberty Violates the Common Law.**

52.    Petitioner incorporates by reference paragraphs 1 through 51, as if set forth fully herein.

53.    By the actions described above, Respondents, acting under color of law, have violated and continue to violate the common law right to be free from unlawful detention.

54.    Accordingly, Petitioner Pirzai is entitled to habeas, declaratory, and injunctive relief as well as any other relief the Court may deem appropriate.

## SECOND CLAIM FOR RELIEF

**Respondents' Unlawful Detention of Petitioner Pirzai Violates Statutory and Common Law Due Process, and the Due Process Clause of the Fifth Amendment to the Constitution of the United States.**

55.    Petitioner incorporates by reference paragraphs 1 through 51, as if set forth fully herein.

56.    By the actions described above, Respondents, acting under color of law, have violated and continue to violate statutory and common law principles of due process and the Due Process Clause of the Fifth Amendment to the United States Constitution.

57.    Respondents' actions deny Petitioner Pirzai the process accorded to persons seized and detained by the United States military in times of armed conflict as established by, *inter alia*, the Uniform Code of Military Justice,  Army Regulation 190-8, Articles 3 and 5 of the Third and Fourth Geneva Conventions, the common law, and customary international law.

58.    To the extent that Respondents rely on the Executive Order to authorize Petitioner Pirzai's detention, that Order violates the Fifth Amendment on its face and as applied to Petitioner.

59.    Accordingly, Petitioner Pirzai is entitled to habeas, declaratory, and injunctive relief as well as any other relief the Court may deem appropriate.

## THIRD CLAIM FOR RELIEF

**Respondents' Unlawful Detention of Petitioner Pirzai, a Civilian, Violates Article II of the United States Constitution.**

60.    Petitioner incorporates by reference paragraphs 1 through 51, as if set forth fully herein.

61.     The Executive lacks the authority to order or direct military officials to detain civilians who are seized far from the theater of war or occupied territory or who were not carrying a weapon against American troops on a foreign battlefield.

62.     By the actions described above, Respondent President Bush has exceeded the Executive's authority under Article II of the United States Constitution by authorizing, ordering and directing military officials to seize Petitioner Pirzai, a civilian, and to transfer him to military detention, and by authorizing and ordering his continued military detention at Guantánamo.

63.     Respondents have acted without lawful authority by directing, ordering, and/or supervising the seizure and military detention of Petitioner Pirzai.

64.     The military seizure and detention of Petitioner Pirzai by the Respondents violates Article II of the United States Constitution.

65.     To the extent that the Executive asserts that Petitioner's detention is authorized by the Executive Order, that Order exceeds the Executive's authority under Article II and is void on its face and as applied to Petitioner.

66.     To the extent that Respondents assert that their authority to detain Petitioner derives from a source other than the Executive Order, including without limitation the Executive's inherent authority to conduct foreign affairs or to serve as Commander-in-Chief of the United States Armed Forces, whether from Article II of the Constitution or otherwise, Respondents lack that authority as a matter of fact and law.

67.     Accordingly, Petitioner Pirzai is entitled to habeas, declaratory, and injunctive relief, as well as any other relief the Court may deem just and appropriate.

## FOURTH CLAIM FOR RELIEF

**The Conditions of Petitioner Pirzai's Confinement Violate the Due Process Clause of the Fifth Amendment to the Constitution of the United States.**

68.    Petitioner incorporates by reference paragraphs 1 through 51, as if set forth fully herein.

69.    By the actions described above, Respondents, acting under color of law, have violated and continue to violate the right of Petitioner to be free from unlawful conditions of confinement in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution.

70.    Accordingly, Petitioner is entitled to habeas, declaratory and injunctive relief as well as any other relief the Court may deem appropriate.

## FIFTH CLAIM FOR RELIEF

**The Conditions of Petitioner Pirzai's Confinement Constitute Cruel and Unusual Punishment in Violation of the Eighth Amendment to the United States Constitution.**

71.    Petitioner incorporates by reference paragraphs 1 through 51, as if set forth fully herein.

72.    By the actions described above, Respondents, acting under color of law, have violated and continue to violate the right of Petitioner to be free from cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

73.    Accordingly, Petitioner is entitled to habeas, declaratory and injunctive relief as well as any other relief the Court may deem appropriate.

## SIXTH CLAIM FOR RELIEF

**Respondents' Denial of the Process Due Petitioner Pirzai Violates the Geneva Conventions.**

74.    Petitioner incorporates by reference paragraphs 1 through 51, as if set forth fully herein.

75.   By the actions described above, Respondents, acting under color of law, have denied and continue to deny Petitioner Pirzai the process accorded to persons seized and detained by the United States military in times of armed conflict as established by the Third and Fourth Geneva Conventions.

76.   Accordingly, Petitioner Pirzai is entitled to habeas, declaratory, and injunctive relief as well as any other relief the Court may deem appropriate.

## SEVENTH CLAIM FOR RELIEF

**Respondents' Denial of the Process Due Petitioner Pirzai Violates Customary International Law.**

77.   Petitioner incorporates by reference paragraphs 1 through 51, as if set forth fully herein.

78.   By the actions described above, Respondents have denied and continue to deny Petitioner Pirzai the process due persons seized and detained by the United States military in times of armed conflict as established by customary international law.

79.   Accordingly, Petitioner Pirzai is entitled to habeas, declaratory, and injunctive relief as well as any other relief the Court may deem appropriate.

## EIGHTH CLAIM FOR RELIEF

**Respondents Have Tortured Petitioner in Violation of the Alien Tort Statute.**

80.   Petitioner incorporates by reference paragraphs 1 through 51, as if set forth fully herein.

81.   By the actions described above, the Respondents, as public officials or as persons acting in their official capacity, directed, ordered, confirmed, ratified, and/or conspired together and with others to bring about acts that deliberately and intentionally inflicted severe physical and psychological abuse and agony upon Petitioner Pirzai in order to obtain information or

confessions from him, to punish or intimidate Petitioner Pirzai or to accomplish other purposes.

82.    The acts described herein constitute torture in violation of the law of nations under the Alien Tort Statute, 28 U.S.C. § 1350. The acts violated, among others, the Third and Fourth Geneva Conventions, Common Article III of the Geneva Conventions, and the Additional Protocols I and II of the Geneva Conventions, the Convention Against Torture, and other customary international law prohibiting torture, war crimes and crimes against humanity.

83.    Accordingly, Petitioner Pirzai is entitled to habeas, declaratory, and injunctive relief and such other relief as the Court may deem just and appropriate.

### NINTH CLAIM FOR RELIEF

**Respondents Have Committed War Crimes Against Petitioner in Violation of the Alien Tort Statute.**

84.    Petitioner incorporates by reference paragraphs 1 through 51, as if set forth fully herein.

85.    By the actions described above, Respondents' acts directing, ordering, confirming, ratifying, and/or conspiring to bring about the torture and other cruel, inhumane and degrading treatment of Petitioner Pirzai constitute war crimes and/or crimes against humanity in violation of the law of nations under the Alien Tort Statute, 28 U.S.C. § 1350.

86.    The acts violated, among others, the Third and Fourth Geneva Conventions, Common Article III of the Geneva Conventions, and the Additional Protocols I and II of the Geneva Conventions, and other customary international law prohibiting war crimes and crimes against humanity.

87.    Accordingly, Petitioner Pirzai is entitled to habeas, declaratory, and injunctive relief, and such other relief as the Court may deem just and appropriate.

## TENTH CLAIM FOR RELIEF

**Respondents Have Inflicted Cruel, Inhuman, and Degrading Treatment Upon Petitioner Pirzai in Violation of the Alien Tort Statute.**

88.    Petitioner incorporates by reference paragraphs 1 through 51, as if set forth fully herein.

89.    The acts described herein had the intent and the effect of grossly humiliating and debasing Petitioner Pirzai, forcing him to act against his will and conscience, inciting fear and anguish, and breaking his physical or moral resistance.

90.    The acts described herein constitute cruel, inhuman or degrading treatment in violation of the law of nations under the Alien Tort Statute, 28 U.S.C. § 1350.

91.    The acts violated customary international law prohibiting cruel, inhuman, or degrading treatment.

92.    Accordingly, Petitioner Pirzai is entitled to habeas, declaratory and injunctive relief as well as such other relief as the Court may deem just and appropriate.

## ELEVENTH CLAIM FOR RELIEF

**Petitioner's Arbitrary Arrest and Prolonged, Arbitrary Detention Violate the Alien Tort Statute.**

93.    Petitioner incorporates by reference paragraphs 1 through 51, as if set forth fully herein.

94.    The acts described herein constitute arbitrary arrest and prolonged, arbitrary detention of Petitioner Pirzai in violation of the law of nations under the Alien Tort Statute, 28 U.S.C. § 1350.

95.    Accordingly, Petitioner Pirzai is entitled to habeas, declaratory, and injunctive relief, and such other relief as the Court may deem appropriate.

## TWELFTH CLAIM FOR RELIEF

**Petitioner's Forced Disappearance by Respondents Violates the Alien Tort Statute.**

96.    Petitioner incorporates by reference paragraphs 1 through 51, as if set forth fully herein.

97.    By the actions described above, Respondents, acting with authorization, support, or acquiescence of the United States, have deprived Petitioner of his freedom. Having deprived Petitioner of his freedom, Respondents have thereafter refused to provide information and refused to acknowledge the deprivation of Petitioner's freedom. Respondents have also refused to give information on the whereabouts of Petitioner, thereby impeding his recourse to the applicable remedies and procedural guarantees.

98.    As alleged above, Respondents have brought about the forced disappearance of Petitioner Pirzai in violation of the law of nations under the Alien Tort Statute, 28 U.S.C. § 1350.

99.    Accordingly, Petitioner Pirzai is entitled to habeas, declaratory, and injunctive relief, and such other relief as the Court may deem just and appropriate.

## THIRTEENTH CLAIM FOR RELIEF

**Respondents' Unlawful Detention of Petitioner Pirzai Violates the Administrative Procedures Act.**

100.    Petitioner incorporates by reference paragraphs 1 through 51, as if set forth fully herein.

101.    Army Regulation 190-8 prohibits the detention of civilians who were seized away from the field of battle or outside occupied territory or who were not engaged in combat against the United States. *See*, *e.g.*, Army Reg. 190-8 at 1-6(g) ("Persons who have been determined by a competent tribunal not to be entitled to prisoner of war status may not be executed, imprisoned, or otherwise penalized without further proceedings to determine what acts they have committed and what penalty should be imposed.").

Page 18.        Amended Petition for Writ of Habeas Corpus and Other Relief

102.   By arbitrarily and capriciously detaining Petitioner Pirzai in military custody for a prolonged period of time unknown to Petitioner's counsel but known or readily ascertainable by Respondents, Respondents have violated and continue to violate the Administrative Procedures Act, 5 U.S.C. § 706(2).

103.   Accordingly, Petitioner Pirzai is entitled to habeas, declaratory, and injunctive relief, as well as any other relief the Court may deem just and appropriate.

### FOURTEENTH CLAIM FOR RELIEF

**Respondents' Denial of The Process Due Petitioner Pirzai Violates The Administrative Procedures Act.**

104.   Petitioner incorporates by reference paragraphs 1 through 51, as if set forth fully herein.

105.   By the actions described above, Respondents, acting under color of law, have arbitrarily and capriciously denied and continue to deny Petitioner Pirzai the process accorded to persons seized and detained by the United States military in times of armed conflict as established by Army Regulation 190-8 in violation of the Administrative Procedures Act, 5 U.S.C. § 706(2).

106.   Accordingly, Petitioner Pirzai is entitled to habeas, declaratory, and injunctive relief, as well as any other relief the Court may deem just and appropriate.

### FIFTEENTH CLAIM FOR RELIEF

**Respondents' Torture of and Infliction of Cruel, Inhuman, and Degrading Treatment Upon Petitioner Pirzai Violates the Administrative Procedures Act.**

107.   Petitioner incorporates by reference paragraphs 1 through 51, as if set forth fully herein.

108.   By the actions described above, the Respondents have acted and continue to act arbitrarily and capriciously by directing, ordering, confirming, ratifying, and/or conspiring to subject Petitioner Pirzai unlawfully to torture and/or cruel, inhuman, or degrading treatment in

violation of Army Regulation 190-8 and the Administrative Procedures Act, 5 U.S.C. §
706(2).

109.   Accordingly, Petitioner Pirzai is entitled to habeas, declaratory, and injunctive relief, as well
as any other relief the Court may deem appropriate.

### SIXTEENTH CLAIM FOR RELIEF

**Respondents' Conduct Violates Petitioner Pirzai's Right to Counsel and to
Access to the Courts.**

110.   Petitioner incorporates by reference paragraphs 1 through 51, as if set forth fully herein.

111.   Respondents's actions to date in preventing Petitioner Pirzai from consulting with counsel
violate his right to counsel under the common law, laws, constitution, and treaties of the
United States, and customary international law.

112.   Accordingly, Petitioner Pirzai is entitled to habeas, declaratory, and injunctive relief, as well
as any other relief the Court may deem just and appropriate.

### SEVENTEENTH CLAIM FOR RELIEF

**Respondents Are Violating Petitioner's Rights by Threatening to Transfer Him
Without Lawful Procedures to a Country That Engages in Torture.**

113.   Petitioner incorporates by reference paragraphs 1 through 51, as if set forth fully herein.

114.   Upon information and belief, Petitioner is at risk of being rendered, expelled or returned
without lawful procedures to a country that engages in torture and subjects Petitioner Pirzai
to a foreseeable and direct risk that he will be tortured.

115.   The transfer of the Petitioner to a country where there is a foreseeable and direct risk that he
will be subjected to torture violates Petitioner's rights under the Due Process Clause of the
Fifth Amendment to the United States Constitution.

116.    The transfer of the Petitioner to a country where there is a foreseeable and direct risk that he will be subjected to torture violates Petitioner's right to be free from cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

117.    The transfer of the Petitioner to a country where there is a foreseeable and direct risk that he will be subjected to torture violates Petitioner's rights under Foreign Affairs Reform and Restructuring Act of 1998, the Covenant Against Torture and the 1954 Convention Relating to the Status of Refugees, 19 U.S.T. 6259, 189 U.N.T.S. 150 *entered into force* Apr. 22, 1954.

118.    The transfer of the Petitioner to a country where there is a foreseeable and direct risk that he will be subjected to torture violates the law of nations under the Alien Tort Statute, 28 U.S.C. § 1350.

119.    Accordingly, Petitioner Pirzai is entitled to declaratory and injunctive relief, as well as any other relief the Court may deem just and appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays for relief as follows:

1.    Grant the Writ of Habeas Corpus and order Respondents to release Petitioner Pirzai from his current unlawful detention;

2.    Order that Petitioner Pirzai be brought before the Court or before a Magistrate Judge assigned by the Court at a convenient facility to conduct proceedings under the supervision of the Court to vindicate his rights;

3.    Order that Petitioner cannot be transferred to any other country without the specific, written agreement of Petitioner and Petitioner's counsel while this action is pending;

4.    Order that Petitioner cannot be delivered, returned, or rendered to a country where there is a direct and foreseeable risk that Petition will be subject to torture;

5.    Order Respondents to allow counsel to meet and confer with Petitioner Pirzai, in private and unmonitored attorney-client conversations;

Page 21.        Amended Petition for Writ of Habeas Corpus and Other Relief

6.    Order Respondents to cease all interrogations of Petitioner Pirzai, direct or indirect, while this litigation is pending;

7.    Order Respondents to cease all acts of torture and cruel, inhuman, and degrading treatment of Petitioner Pirzai;

8.    Order and declare the Executive Order of November 13, 2001 is *ultra vires* and unlawful in violation of Article II of the United States Constitution, the Fifth Amendment to the United States Constitution, the Uniform Code of Military Justice, the Administrative Procedures Act, 5 U.S.C. § 702, the treaties of the United States and customary international law;

9.    Order and declare that the prolonged, indefinite, and restrictive detention of Petitioner Pirzai without due process is arbitrary and unlawful and a deprivation of liberty without due process in violation of common law principles of due process, the Due Process Clause of the Fifth Amendment to the United States Constitution, The Eighth Amendment to the United States Constitution, the regulations of the United States military, the treaties of the United States, and customary international law; and

10.    Grant such other relief as the Court may deem necessary and appropriate to protect Petitioner's rights under the common law, the United States Constitution, federal statutory law and customary international law.

Dated: January 4, 2006                    Respectfully submitted,

                                          Counsel for Petitioner:


                                          */s/ Alan J. Pfeuffer*
                                          Alan J. Pfeuffer
                                          Assistant Federal Public Defender
                                          Federal Public Defender's Office
                                          10 West Broad Street, Suite #1020
                                          Columbus, OH 43215
                                          Office: (614) 469-2999
                                          Fax: (614) 469-5999
                                          Alan_Pfeuffer@fd.org

                                          Attorney for Petitioner

Page 22.    Amended Petition for Writ of Habeas Corpus and Other Relief