IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>PETITIONERS SEEKING HABEAS CORPUS RELIEF IN RELATION TO PRIOR DETENTION AT GUANTANAMO BAY | Misc. No. 08- (TFH)<br><br>Civil Action No. 05-01242 (RCL) |

### PETITIONER'S STATUS REPORT

On July 3, 2008, this Court ordered Petitioner Ahsanullah Pirzai and Respondent to "each file one concise status report" which "shall focus on pending issues and a proposed schedule to advance the proceedings." In compliance with this Court's order, Pirzai submits this status report.

There are three issues that must be addressed in order to proceed as expeditiously as possible in light of the Supreme Court's decision in *Boumediene v. Bush*, ___U.S.___, 128 S.Ct. 2229 (June 12, 2008). These issues include: (1) removing the stay that was entered in this case; (2) entering the Amended Protective Order; and (3) ordering Respondent to provide undersigned counsel with information relating to Pirzai's official status and location.

I. **REMOVAL OF STAY.**

On September 1, 2005, Chief Judge Lambreth entered an order staying all litigation in this case pending the resolution of the appeals that were perfected in *In re Guantanamo Detainee Cases*, 355 F.Supp 2d 443 (D.D.C. 2005) and *Khalid v. Bush*, 355 F.Supp 2d 311 (D.D.C. 2005). The stay was predicated on Respondent's argument that "[t]he appeals of those cases thus will address the core issues in these *pro se* cases, including whether Guantanamo Bay detainees have judicially enforceable rights under the Constitution . . . [and] will determine how . . . these *pro se* cases

should proceed, if at all." (Respondent's Motion for Stay, R. 2) and (Order Granting Respondent's Motion, R. 4).

In *Boumediene*, the Court comprehensively resolved many of the substantive and procedural issues that were the driving force behind the stay entered in Pirzai's case. The Court in *Boumediene*: (1) declared § 7 of the Military Commission Act unconstitutional; (2) held that the Detainee Treatment Act did not provide an adequate substitute for habeas review; and (3) solidified the Guantanamo detainees' right to habeas review under the Constitution. *Boumediene*, 128 S.Ct. at 2266-69, 77.

In addition to resolving these fundamental issues, the Court expressed its opinion as to the urgency with which this litigation must now proceed. The Court observed that some of the detainees' cases have been pending for over six years and that "the costs of delay can no longer be borne by those who are held in custody. The detainees in these cases are entitled to a prompt habeas corpus hearing." *Boumediene*, 128 S.Ct. at 2275. Therefore, in order for Pirzai to effectively litigate the lawfulness of his detention, the stay must be lifted.

**II.   ENTERING THE AMENDED PROTECTIVE ORDER.**

On June 30, 2006, undersigned counsel filed a motion for the entry of the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba,(hereinafter "Amended Protective Order")[1]. (Petitioner's Motion for

---

[1] The Amended Protective Order includes the following orders entered in *In re Guantanamo Detainee Cases:* Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, first issued on November 8, 2004, (344 F. Supp. 2d 174 (D.D.C. 2004)); Order Addressing Designation Procedures for "Protected

Protective Order, R. 11). Even before *Boumediene* was decided, there was ample precedent supporting the entry of the Amended Protective Order sought by Pirzai.[2]

However, Respondent opposed Pirzai's motion by relying on the stay that was placed on the proceedings and which was referenced in the first section of this status report. (Respondent's Response to Petitioner's Motion for Amended Protective Order, R. 14). Given the effect of the stay, Pirzai's motion was never adjudicated; consequently, Respondent effectively blocked Pirzai from receiving the assistance of counsel for more than two years.

Two years before *Boumediene* was announced, Judge Kollar-Kotelly ruled that the Guantanamo detainees were "entitled to be represented by counsel pursuant to the federal habeas statute, 28 U.S.C. § 2241, the Criminal Justice Act, 18 U.S.C. § 3006A, and the All Writs Act, 28 U.S.C. 1651." *Al Odah v. United States*, 346 F.Supp. 2d 1, 5 (D.D.C. 2004).

In 2006, Magistrate Judge Kay held that the detainees were afforded the right to counsel. *Adem v. Bush*, 425 F.Supp. 2d 7, 19 (D.D.C. 2006).

---

Information," first issued on November 10, 2005; and the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, first issued on December 13, 2004. *See* Exhibits 1-3.

[2] *See e.g., Faizullah v. Bush*, 05-cv-01489 (D.D.C. April 21, 2006); *Sohail v. Bush,* 05-cv-00993 (D.D.C. April 21, 2006); *Al Salami v. Bush,* 05-cv-2452 (D.D.C. Apr. 14, 2006); *Zadran v. Bush,* 05-cv-2367 (D.D.C. Apr. 12, 2006); *Alsaaei v. Bush,* 05-cv-2369 (D.D.C. Apr. 12, 2006); *Said v. Bush,* 05-cv-2384 (D.D.C. Apr. 12, 2006); *Al Shareef v. Bush,* 05-cv-2458 (D.D.C. Apr. 12, 2006); *Awad v. Bush*, 05-cv-2379 (D.D.C. Apr. 11, 2006); *Thabid v. Bush,* 05-cv-2398 (D.D.C. Mar. 21, 2006); *Razakah v. Bush,* 05-cv-2370 (D.D.C. Mar. 17, 2006); *Labed Ahmed v. Bush,* 05-cv-1234 (D.D.C. Mar. 2, 2006); *Wahab v. Bush,* 05-cv-886 (D.D.C. Jan. 10 2006); *Mohammed v. Bush,* 05-cv-879 (D.D.C. Jan. 9, 2006); *Bostan v. Bush,* 05-cv-883 (D.D.C. Jan. 9, 2006); *Khalid-Gul v. Bush,* 05-cv-877 (D.D.C. Jan. 6, 2006).

Additionally, the court in *Adem* forbade the government from manipulating the protective order that was entered in that case so as to interfere with Adem's right to counsel. *Id*. at 26. In its ruling, Magistrate Judge Kay recognized the vital role that protective orders play in these cases by observing that they provide the mechanism "by which detainees may have access to the counsel to which they are entitled." *Id*. at 19.

In most criminal/habeas cases, the right to counsel is self-evident and beyond question; however, Pirzai has thus far been deprived of this bedrock right due to the failure to enter the Amended Protective Order. It deserves mention that undersigned counsel has complied with Respondent's preconditions in order to visit Pirzai at the Guantanamo facility: (1) counsel has been awarded the necessary security clearance; and (2) counsel has signed the Memorandum of Understanding Regarding Access to Classified National Security Information.

Nonetheless, Respondent opposed the entry of the Amended Protective Order which effectively barred counsel's travel to Cuba to meet with Pirzai. In sum, entry of the Amended Protective Order would allow Pirzai both meaningful access to undersigned counsel and the ability to effectively prepare his case for presentation to this Court.

**III. PROVIDING PIRZAI'S CURRENT OFFICIAL STATUS AND LOCATION.**

Entering the Amended Protective Order will also afford counsel access to information that will enable him to develop appropriate litigation strategies on Pirzai's behalf. To this end, Pirzai respectfully requests that this Court order Respondent to provide undersigned counsel with Pirzai's official status and current location. This would allow counsel to make the necessary arrangements to visit

Pirzai to develop the attorney-client relationship that heretofore has not existed.  In the end, this information will allow counsel to marshal the evidence and information that will be used to challenge the lawfulness of Pirzai's detention.

        Respectfully,

        STEVEN S. NOLDER
        FEDERAL PUBLIC DEFENDER

        /s/ Alan J. Pfeuffer
        Alan J. Pfeuffer (Ohio - #0071974)
        Assistant Federal Public Defender
        Federal Public Defender's Office
        10 West Broad Street, Suite #1020
        Columbus, OH 43215

        Office: (614) 469-2999
        Fax: (614) 469-5999
        Alan_Pfeuffer@fd.org

        Counsel for Petitioner
        Ahsanullah Pirzai

## **CERTIFICATE OF SERVICE**

    I, Alan J. Pfeuffer, certify that on July 14, 2008, I electronically filed the foregoing STATUS REPORT IN RESPONSE TO COURT'S JULY 3, 2008 ORDER with the Clerk of the Court using the ECF system, which will send notification of such filings to all counsel of record.

        /s/ Alan J. Pfeuffer
        Alan J. Pfeuffer (Ohio - #0071974)
        Assistant Federal Public Defender
        Federal Public Defender's Office
        10 West Broad Street, Suite #1020
        Columbus, OH 43215
        Office: (614) 469-2999
        Fax: (614) 469-5999
        Alan_Pfeuffer@fd.org

        Counsel for Petitioner
        Ahsanullah Pirzai